UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK CHARLES SPEECE, | |
| Plaintiff | CIVIL ACTION NO. 3:24-CV-01712 |
| v. | (MEHALCHICK, J.) |
| PRIMECARE MEDICAL, INC., | |
| Defendant. | |

**MEMORANDUM**

Plaintiff Erik Charles Speece has filed a complaint regarding medical care he received at the Carbon County Correctional Facility. Pursuant to 28 U.S.C. § 1915A, the Court finds that Speece's complaint fails to state a claim, but will grant him an opportunity to amend the complaint before dismissing this case.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On October 8, 2024, the Court received and docketed Speece's complaint (Doc. 1) and motion to proceed in forma pauperis (Doc. 2). Speece alleges as follows: On June 21, 2023, he arrived at the Carbon County Correctional Facility with a broken right foot as a pre-trial detainee. At the facility, he complained of pain "almost daily," and PrimeCare Medical, the facility medical provider, offered ibuprofen. In September 2023, after an X-ray, PrimeCare told Speece that his foot was not broken but that he needed an MRI. Speece waited until February 2024 without receiving an MRI, but then filed a grievance and received an off-site MRI within a week. The MRI was "negative for an injury." Speece then requested a second X-ray, "which was administered fairly quickly," and showed a hairline stress fracture.

In April 2024, Speece's left foot (the non-injured foot) "cracked and broke" as he was getting out of bed. He submitted a medical request, which was answered "within 2 weeks."

On June 5, 2024, he received X-ray results indicating a hairline stress fracture of the left foot. Since that point, he has received Tylenol and ibuprofen but "no other actions have been taken."

Speece names PrimeCare as the sole defendant, asserting that it was "willfully negligent" in treating his right foot, which in turn caused damage to his left foot. On the complaint form, he checked a box indicating that he wants to pursue a negligence action under the Federal Tort Claims Act. A review of public records indicates that after the complaint was filed, he was transferred to State Correctional Institution, Smithfield ("SCI-Smithfield").

## II. 28 U.S.C. § 1915A SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

2

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.    DISCUSSION**

Initially, Speece labels this action as a negligence case under the Federal Tort Claims Act. The FTCA is a federal statute that authorizes suits against the United States for negligence by an employee of the government. *See* 28 U.S.C. § 1346(b)(1). Because PrimeCare is not an "employee" of the government, Speece cannot raise an FTCA negligence claim against it. Construing Speece's *pro se* complaint broadly and noting that a complaint does not

4

have to accurately plead a legal theory (*see, e.g., Grages v. Geisinger Health*, No. 4:19-CV-1141, 2020 WL 1151452, at *2 (M.D. Pa. Mar. 10, 2020)), the Court considers whether the factual allegations in the complaint could sustain any other claim.

Speece could have tried to assert a claim against PrimeCare under 42 U.S.C. § 1983, for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment. *See Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023). An entity that contracts with a municipality, such as PrimeCare, is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003). Therefore, a plaintiff may state a claim if the complaint indicates some policy or custom of "intentionally delaying necessary medical care for non-medical reasons." *See*, *e.g.*, *Johnson v. Stempler*, No. CIV A 00-711, 2007 WL 984454, at *4 (E.D. Pa. Mar. 27, 2007). Here, Speece alleges that an MRI was delayed for several months until he filed a grievance; that a follow-up X-ray was administered "fairly quickly"; and that a subsequent medical request was responded to "quicker than usual," which Speece attributes to an ongoing state inspection. These allegations do not raise an inference of a consistent policy or custom of intentionally delaying necessary treatment. Nor does the complaint support an inference that the apparent decision to provide only Tylenol and ibuprofen is attributable to a PrimeCare custom or policy, as opposed to the medical judgments of the individual providers.

Speece could have tried to assert a state law claim of medical negligence against PrimeCare based on the delays in care and/or the medical providers' decisions to give him only with Tylenol and ibuprofen. However, without an accompanying claim presenting a question of federal law, the complaint does not indicate a basis for federal jurisdiction over a

state law claim. *See* 28 U.S.C. § 1331; *see also Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 2188707, at *1 (M.D. Pa. Feb. 23, 2023) (dismissing at the screening stage where the complaint indicated a lack of subject matter jurisdiction). The Court notes that any such claim would have to be supported by a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3; *see, e.g.*, *Riley v. Clark*, No. 4:20-CV-325, 2021 WL 11133351 (M.D. Pa. Dec. 23, 2021) (applying Rule 1042.3 to an action for medical negligence against PrimeCare).

IV.  **CONCLUSION**

The Court will grant Speece's motion to proceed *in forma pauperis* (Doc. 2) and grant Speece leave to file an amended complaint prior to dismissing this case. *Grayson*, 293 F.3d at 108. An appropriate Order follows.

Dated: December 10, 2024                               *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States District Judge**